LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29741

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

K. HAMAKADO
CLERK, APPELLATE COURTS
STATE OF HAWAI'I

2010 SEP 23 AM 10: 48

FILED

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JOSEPH PASION, Defendant-Appellee,
and
SHANNON HOOPAI, aka Shannon Ahuna, Defendant
and
ACE BAIL BONDS L.L.C.,
Real Party in Interest-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-0035)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)


Real Party in Interest-Appellant Ace Bail Bonds L.L.C. (ABB) appeals from the "Order Denying Motion to Set Aside Bail Forfeiture, Filed on February 12, 2009" filed on March 9, 2009 in the Circuit Court of the First Circuit (circuit court).[1] On appeal, ABB contends the circuit court erred in denying the Motion to Set Aside Bail Forfeiture and the Motion to Enlarge Time to Surrender Defendant-Appellee Joseph Pasion (Pasion) when the court had the authority to do so for good cause.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude ABB's appeal is without merit.

HRS § 804-51 (Supp. 2009) provides in relevant part:

---

[1]  The Honorable Dexter D. Del Rosario presided.

§804-51 **Procedure**. Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State . . . and shall cause execution to issue thereon immediately <u>after the expiration of thirty days</u> from the date that notice is given . . . to the surety . . . <u>unless, before the expiration of thirty days</u> from the date that notice is given to the surety, . . . <u>a motion</u> . . . <u>showing good cause why execution should not issue upon the judgment, is filed with the court</u>.

(Emphases added.)

Thus, a surety has thirty days after it receives notice of the judgment and order of forfeiture of bail bond to file a motion showing good cause as to why the judgment should not be executed.

The Hawai'i Supreme Court in <u>State v. Camara</u>, 81 Hawai'i 324, 916 P.2d 1225 (1996), held that good cause "may be satisfied by the defendant, <u>prior to the expiration of the thirty-day search period</u>: (1) providing a satisfactory reason for his or her failure to appear when required; or (2) surrendering or being surrendered. <u>Id.</u> at 330, 916 P.2d at 1231 (emphasis added).

In the instant case, the Judgment and Order of Forfeiture of Bail Bond was filed on November 24, 2008. The record does not indicate the date of notice to ABB of the judgment and order that would start the thirty-day period within which ABB could file a motion showing good cause to stay the execution of the judgment of forfeiture. ABB does not argue that it did not receive the notice, and this is not an issue on appeal.

On February 12, 2009, more than two months after the judgment was filed, ABB filed motions to set aside the judgment and to allow more time to find Pasion. ABB failed to show that it timely filed these motions within the thirty-day period required by HRS § 804-51. Moreover, the record does not support ABB's claim that it demonstrated good cause for delaying the execution of the judgment.

Therefore,

The "Order Denying Motion to Set Aside Bail Forfeiture, Filed on February 12, 2009" filed on March 9, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED:   Honolulu, Hawai'i, September 23, 2010.

On the briefs:

Frank M. Fernandez
for Real Party in Interest-
Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge